Derbigny, J.
delivered the opinion of the court. The object of this court, in granting a re-hearing in this cause was principally to give to the appellant an opportunity of objecting to a quotation from a French work, referred to by the court, tho’ not introduced by either of the parties. At the same time, the claim being represented as of vast importance to the appellant, *598 we consented to have another argument on the whole case.
It is therefore important to decide, whether the coutume de Bordeaux gives to married women a privilege on the estate of the husband for the reimbursement of the dowry, as the plaintiff contended and the defendant seemed to admit on the first hearing of this cause, or whether, as is now asserted no such privilege is enjoyed: altho’ it may be proper to observe, that upon an inspection of the passage, quoted by the appellant from the coutume de Bordeaux, we are inclined to think that no such privilege existed there when the book was written: for the author expressly says, that the law assiduis, C. Qui potior in pign. (the very law which recognises such a privilege) does not prevail in the province.
The appellant has not thought proper to oppose the quotation made by the court from the jurisprudence du parlement de Bordeaux, but her counsel acknowledging it to be law in that country, has endeavored to shew that the general tenor of it is favorable to her cause. We see however, no reason for altering our first apprehension of that authority, and still think that the marriage contract of the appellant contains not what is thereby deemed equivalent to an express *599 constitution of dowry, viz. something from which it may appear that a dowry was brought, given or promised.
It is ordered, that the former judgment of court remain undisturbed.